UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS BIEDERMANN, <br><br> Plaintiff, <br><br> v. <br><br> REPRESENTATIVE GINNY EHRHART, in her individual and official capacities, <br><br> Defendant. | CIVIL ACTION NO. 1:20-cv-01388-JPB |

## ORDER

Before the Court are Plaintiff Thomas Biedermann's ("Biedermann") Motion for Preliminary Injunction (ECF No. 2) and Defendant Representative Ginny Ehrhart's ("Ehrhart") Motion to Dismiss (ECF No. 10).

Ehrhart's briefs in support of her Motion to Dismiss incorporate by reference sections of another brief she filed in this case:

- "Rep. Ehrhart incorporates by reference each of the arguments attacking the basis of a Constitutional right claimed by Plaintiff in her Response in Opposition to Plaintiff's Motion for Preliminary Injunction filed concurrently herewith ('Defendant's Response')." ECF No. 10-1, 11 n.2.

- "Those arguments are set forth in detail in Defendant's Reply discussing Plaintiff's inability to establish a likelihood of success on the merits.  Rather than repeat those same arguments here, Rep. Ehrhart incorporates those arguments herein by reference. (*See*, Defendant's Reply, Section II.A.)." *Id*. at 19.

- "Rep. Ehrhart has thoroughly briefed her position on government speech and will not repeat it here.  By focusing on the second prong Rep. Ehrhart is not abandoning or waiving any of her prior arguments that the Free Speech clause is not applicable to any of her actions alleged in the Complaint."  ECF No. 20, 2 n.1.

This presentation of the issues is problematic for at least two reasons.  First, Ehrhart's cross-referencing to another brief complicates the Court's review and understanding of the issues, especially where, for example, the cross-reference is merely to her "position on government speech."  The Court is left to guess as to which arguments or sections of the respective brief Ehrhart refers.  There is also no effort to distinguish whether the cases cited in one brief may be equally applicable to a different issue with a potentially different standard.

Second, Ehrhart's cross-referencing resulted in her Motion to Dismiss briefs exceeding the applicable page limits established by this Court's Local Rules.  For example, although Northern District of Georgia Civil Rule 7.1(D) provides that "[a]bsent prior permission of the Court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages," Ehrhart's initial brief far exceeds that limit because it consists of twenty pages, and she incorporates at least another seventeen pages from the other brief.  This approach to briefing is not permissible.  *See Bryant v. Jones*, No. 1:04-CV-2462WSD, 2006 WL 584762, at *6 (N.D. Ga. Mar. 10, 2006), *as amended* (Mar. 20, 2006)

(directing the parties to file revised and renewed motions for summary judgment where their briefs incorporated other filings and thereby exceeded the page limit); *FNB Bank v. Park Nat. Corp.*, No. CIV.A. 13-0064-WS-C, 2013 WL 6842778, at *1 (S.D. Ala. Dec. 27, 2013) (stating that cross-referencing "'is improper and foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent [the] [c]ourt's page limit'"); *Aldridge v. Travelers Home & Marine Ins. Co.*, No. 1:16-CV-01247-SCJ, 2019 WL 8439150, at *1 (N.D. Ga. Feb. 21, 2019) (noting that "incorporation by reference is impermissible, as this practice . . . incorporate[s] . . . more pages into [a party's] brief, thereby exceeding the page limit set forth in Local Rule 7.1(D)").

However, in the interest of the efficient resolution of this matter, the Court **DENIES** Ehrhart's Motion to Dismiss (ECF No. 10) but grants her leave to renew her motion and refile revised initial and reply briefs within the applicable page limits by April 1, 2021.  Ehrhart may not raise any new arguments in the refiled briefs and may alter the content of such briefs only to comply with the page limit and to present all of her arguments in one place.[1]

---

[1] This Order does not apply to Biedermann's brief.

With respect to Biedermann's Motion for Preliminary Injunction, the Court will schedule a hearing if Ehrhart's Motion to Dismiss is unsuccessful. Therefore, the Clerk is **DIRECTED** to terminate Biedermann's Motion for Preliminary Injunction (ECF No. 2) at this time and renew and resubmit it upon the conclusion of such hearing (if one occurs).

**SO ORDERED** this 19th day of March, 2021.

_____
J. P. BOULEE
United States District Judge